**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
**STEPHANIE A. GALLAGHER**
**UNITED STATES MAGISTRATE JUDGE**

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

April 4, 2013

LETTER TO COUNSEL:

RE: *Judith Anne Whitehair v. Commissioner, Social Security Administration*
      Civil No. SAG-12-1657

Dear Counsel:

On June 6, 2012, the Plaintiff, Judith Anne Whitehair, petitioned this Court to review the Social Security Administration's final decision to deny her claims for supplemental security income. I have considered the parties' cross-motions for summary judgment, and Ms. Whitehair's reply. (ECF Nos. 15, 16, 17). I find that no hearing is necessary. Local Rule 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *see Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (superseded by statute on other grounds). I will deny both motions, vacate the Commissioner's denial of benefits, and remand this matter for further proceedings consistent with this opinion. This letter explains my rationale.

Ms. Whitehair filed her claim on September 10, 2008. (Tr. 115-16). She initially alleged that her onset date of disability was December 1, 2005, but she subsequently amended her alleged disability onset date to September 9, 2008. (Tr. 130). On July 7, 2010, an Administrative Law Judge ("ALJ") convened an administrative hearing. (Tr. 26-59). On August 19, 2010, the ALJ issued an opinion denying Ms. Whitehair's claim. (Tr. 9-25). The Appeals Council denied Ms. Whitehair's request for a review, (Tr. 1-5), so the ALJ's decision constitutes the final, reviewable decision of the agency.

The ALJ found that Ms. Whitehair suffered from the severe impairments of degenerative disc disease, chronic obstructive pulmonary disease, depression, anxiety disorder, alcohol dependence, and other substance abuse. (Tr. 14.) However, the ALJ further found that these impairments, neither singularly nor in combination, equaled one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926). (Tr. 14-15.) The ALJ also found that Ms. Whitehair "has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b)" with certain listed exceptions. (Tr. 15.) Finally, the ALJ, after having heard the testimony of a vocational expert, found that there are jobs that exist in significant numbers in the national economy that Ms. Whitehair can perform. (Tr. 19.)

*Judith Anne Whitehair v. Commissioner, Social Security Administration*
Civil No. SAG-12-1657
April 4, 2013
Page 2

Ms. Whitehair raises several issues on appeal:  (1) that the ALJ failed to properly evaluate the reports of two of her treating physicians; (2) that the ALJ's decision mischaracterized her participation in the Transitional Work Experience ("TWE") Program; (3) that the ALJ misconstrued the circumstances surrounding her receipt of a HUD-VASH voucher and failed to recognize that the HUD-VASH program is designed to stave off homelessness for veterans with chronic mental illness and/or substance abuse; and (4) that the ALJ did not give a balanced review of the entire record in determining her lack of credibility.

Ms. Whitehair's argument regarding the ALJ's treatment of medical evidence is meritorious.  The ALJ failed to mention the opinions of Dr. Sharon Balanson, a VA staff physician who served as Ms. Whitehair's primary care doctor and who evaluated Ms. Whitehair twice for her ability to perform work functions.  (Tr. 451-52, 748-49).  The oblique, single-sentence reference to one of Dr. Balanson's opinions as an unidentified "vocational clearance" does not suffice to provide a basis to reject the opinion of a treating physician.  (Tr. 17).  The ALJ also failed to make any assignments of weight to the opinions of the consultative examiner or the two state agency medical consultants.  Pursuant to 20 C.F.R. § 416.927(f)(2)(ii), the ALJ is required to "explain in the decision the weight given to ... any opinions from treating sources, nontreating sources, and other nonexamining sources who do not work for [the Social Security Administration]."  To the extent that the Commissioner seeks to rely on the opinions of some of those sources to support the ALJ's rejection of the assessments of Dr. Tanya Khazan, Ms. Whitehair's treating psychiatrist, the ALJ needs to provide sufficient analysis to permit review.  Remand is therefore warranted for an adequate evaluation of the medical evidence and an assignment of weight to each medical source.

Ms. Whitehair's second argument is unpersuasive.  There was evidence to support the ALJ's finding that Ms. Whitehair received "a TWE assignment as a housekeeping Aide working 24 hours weekly for a period of 60 days." (Tr. 17).  That finding, and the evidence supporting it, undercuts Ms. Whitehair's contention that she was physically incapable of performing certain work.

Ms. Whitehair's third argument, concerning the HUD-VASH program, also should be addressed on remand.  There was evidence to support the ALJ's finding that Ms. Whitehair "was able to perform required activities to obtain her HUD apartment and then maintain her home in a neat and clean fashion."  (Tr. 18.)  On the other hand, the evidence makes clear that Ms. Whitehair did not obtain the HUD-VASH voucher entirely on her own initiative, but only with the assistance of a social worker, Kristy Kahn.  (Tr. 756-67).  Moreover, Ms. Whitehair's living conditions, and her relationship with her roommate, draw into question her ability to perform a job which requires interactions with others.  On remand, the ALJ should provide a more analytical and impartial discussion of Ms. Whitehair's participation in the HUD-VASH program.

Finally, the ALJ found that Ms. Whitehair "is not a credible witness."  (Tr. 18).  As the Commissioner admits on appeal, however, in so finding the ALJ relied in part upon two facts that were not supported by the record.  Def. Mot. 30-31.  First, despite the ALJ's finding to the

*Judith Anne Whitehair v. Commissioner, Social Security Administration*
Civil No. SAG-12-1657
April 4, 2013
Page 3

contrary, (Tr. 18), the record does not establish that Ms. Whitehair drove her daughter to a medical appointment in June 2007.  Second, the ALJ misstated the evidence when he wrote that Ms. Whitehair testified that she had not smoked for two years.  (Tr. 18.)  In fact, Ms. Whitehair testified that she had not smoked for two months.  (Tr. 41.)  While the ALJ's opinion certainly cites a significant numbers of other inconsistencies, on remand, the ALJ should provide a factually accurate analysis of Ms. Whitehair's credibility.  In making the rulings set forth above, I express no opinion on whether the ALJ's ultimate determination that Ms. Whitehair was ineligible for SSI was correct or incorrect.

For the reasons set forth herein, Ms. Whitehair's motion for summary judgment (ECF No. 15) and Defendant's motion for summary judgment (ECF No. 16) will be DENIED.  The ALJ's opinion will be VACATED and the case will be REMANDED for further proceedings. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion.  An implementing Order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge